IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

TELLY MONTANA JACKSON, *a/k/a*
Telly Pritchett,

Defendant.

CIVIL ACTION NO.
1:17-CR-0065-LMM-AJB

## ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [37], recommending that this Court deny in part and grant as moot in part Defendant Jackson's Motion to Suppress [15]. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the R&R [40]. The facts and procedural history of this case are set forth in the R&R and are fully incorporated herein by reference.[1] After due consideration, the Court enters the following Order.

### I. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's R&R for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files

---

[1] As there were no factual objections, the facts as set forth in the R&R are hereby adopted.

objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections to the R&R, the Court reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

**II. DISCUSSION**

In the R&R, the Magistrate Judge recommends that the Court (1) grant as moot in part the Motion [15] as to Defendant's statements regarding where Defendant obtained the gun; and (2) deny in part as to Defendant's alleged statements that he made to Thompson alone (to the effect of "let it slide," it was not his gun, and it was Red's gun). Defendant only objects to the portion of the R&R which concerns the alleged statements made to Thompson alone.

Defendant argues that pursuant to the 10th Circuit's opinion in Earnest v. Dorsey, 87 F.3d 1123, 1131 (10th Cir. 1996), Jackson's alleged statements are too amorphous and do not bear sufficient "indicia of reliability" to be admitted against him. In Earnest, the Tenth Circuit was tasked with determining whether the introduction of an out of court statement made by an unavailable co-conspirator violated the defendant's Confrontation Clause rights. In doing so, the Tenth Circuit stated, "[i]n general, an out-of-court statement may constitutionally be introduced against a defendant only if the statement bears adequate 'indicia of reliability.'" Id. at 1130 (quoting Ohio v. Roberts, 448 U.S. 56, 66 (1980)).

The Court does not find <u>Earnest</u> persuasive in this case. First, <u>Earnest</u> arose in the context of a possible Confrontation Clause violation. As the statements at issue here involve Defendant's own statements, the Confrontation Clause is not implicated. Second, the "indicia of reliability" language relied on by the 10th Circuit came from <u>Ohio v. Roberts</u>, 448 U.S. 56 (1980), which is no longer good law following <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). Finally, the Court finds Defendant's objection ultimately goes to the weight of the evidence, not its admissibility. Defendant will be able to cross-examine Thompson regarding the veracity of his claims during trial. As Defendant has not cited any other authority which he contends supports his assertions, his Objections are **OVERRULED** and the R&R is **ADOPTED** as the Order of this Court.

### III. CONCLUSION

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's R&R [37]. Defendant's Motion to Suppress [15] is **DENIED, in part** as to the statements the government claims that Jackson made to Thompson alone—to the effect of "let it slide," it was not his gun, and it was Red's gun—and **GRANTED AS MOOT, in part** as to his response to the question from either Thompson or Rosser as to where he got the firearm, which answer the government intends not to admit at trial.

Defendant's Motion to Participate in Voir Dire [13] is also **GRANTED**.

The trial in this action is hereby set to begin on Tuesday, May 29, 2018 at 9:30 A.M. in Courtroom 2107. The pretrial conference will be held on Wednesday, May 23, 2018 at 11:00 A.M. in Courtroom 2107. By noon on Wednesday, May 9, 2018, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on Wednesday, May 9, 2018, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on Wednesday, May 16, 2018, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through May 29, 2018, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this 25 th day of April, 2018.

                                                                        _____
                                                                        **Leigh Martin May**
                                                                        **United States District Judge**